UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MAXIM POTANIN,

                          Plaintiff,                  **REPORT &**
                                                        **RECOMMENDATION**
   -against-                                17-cv-5064 (GRB)(SIL)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

        Presently before the Court on referral from the Hon. Arthur D. Spatt for Report and Recommendation in this Social Security Disability Benefits litigation is Plaintiff, Maxim Potanin's ("Plaintiff or "Potanin") attorney's fee application brought pursuant to 42 U.S.C. § 406(b)(1). *See* DE [14].[1]  For the reasons set forth below, the Court recommends that the motion be granted in its entirety.

**I. BACKGROUND**

        The following facts are taken from the Affirmation of Plaintiff's counsel, John W. DeHaan ("DeHaan Aff."), DE [14-2] and are not disputed by Defendant, the Commissioner of Social Security ("Defendant" or the "Commissioner"), in response to the motion. *See* DE [17].  Plaintiff filed his application for Social Security Disability benefits on November 9, 2013 alleging a disability onset of July 9, 2012.  DeHaan Aff. ¶ 1.  The application was denied, and hearings were held on September 29, 2015 and April 26, 2016 before Administrative Law Judge ("ALJ") Patrick Kilgannon, who

---

[1] After this motion was referred, the case was reassigned to the Hon. Gary R. Brown.

found Potanin to be not disabled within the meaning of the Social Security Act by written decision dated May 31, 2016. *Id.* ¶¶ 1-2. Plaintiff's request for review by the Appeals Council was subsequently denied. *Id.* ¶ 2.

Upon deciding to appeal that decision to this Court, Potanin executed a retainer agreement with his attorney providing that if this Court remanded the matter back to the Social Security Administration, and on remand past due benefits were awarded, Plaintiff would pay 25 percent of the past due benefits upon Court and/or SSA approval. *Id.* ¶ 3 & Ex. A.

This case was commenced by Complaint filed on August 28, 2017. *See* DE [1]. The Administrative Record was filed on January 29, 2018, *see* DE [8], and on February 7, 2018, the parties filed a stipulation that the Commissioner's final decision be reversed and the case remanded for further proceedings, which Judge Spatt So Ordered on February 8, 2018. *See* DE [9-1], [10]. Judgment was entered on February 14, 2018. *See* DE [11]. Based on the success of the appeal to this Court, a stipulation awarding $368.61 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in attorney's fees was So Ordered on May 9, 2018. *See* DE [13].

In further proceedings, ALJ Kilgannon determined that Plaintiff has been and remains disabled from July 9, 2012, and approved his claim for benefits. *See* DeHaan Aff. ¶ 9. According to the Notice of Award, Plaintiff is owed $205,404.00 in past due benefits and $51,351.00 has been withheld for payment of legal fees. *Id.* ¶ 13 & Ex. D. This fee application followed, noting that Potanin's counsel has spent 11.8 hours

on the proceedings in this Court, and is seeking $10,000 in fees. *Id*. ¶¶ 11, 14 & Ex.

C. For the reasons set forth below, the Court recommends that the motion be granted.

## II. ANALYSIS

### I. Legal Standard

Plaintiff's fee application is governed by 42 U.S.C. § 406(b)(1), which provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by such judgment.

42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002)

(addressing the standard). The fee requested must be reviewed by the Court for

"reasonableness." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828; *Salome v.*

*Commissioner of Social Security*, 16-CV-6491, 2020 WL 1677374, at *1 (W.D.N.Y.

Apr. 6, 2020); *Morrison v. Saul*, 16-CV-4168, 2019 WL 6915954, at *2 (S.D.N.Y. Dec.

19, 2019). When determining reasonableness, the courts consider three factors: (1)

whether the requested fees are within the 25 percent cap; (2) whether the agreement

for fees was reached through fraud or overreaching; and (3) whether the fee would

constitute a "windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *Morrison*,

2019 WL 6915954, at *2.

As there is no question that the fee sought, amounting to less than five percent

of the recovery, is well below the statutory cap, and there is no suggestion of fraud or

overreaching, the only question is whether a $10,000 fee award would constitute a

"windfall." The windfall inquiry also involves three factors: (a) whether the

attorney's efforts were particularly successful; (b) whether the attorney's efforts were based on more than boilerplate pleadings and through arguments involving real issues of fact and required legal research; and (c) whether the case was handled efficiently due to the attorney's experience in handling these types of cases. *Morrison*, 2019 WL 6915954, at *2; *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007); *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005).

Applying these standards, the Court concludes that the fee sought is not a windfall. Counsel achieved 100 percent success, ultimately achieving the disability onset date that Plaintiff originally sought before the SSA with commensurate benefits. While the docket is not replete with complicated pleadings demonstrating material issues of fact or legal research, the Court weighs this against the efficiency with which the proceedings in the Court took place, no doubt based on counsel's extensive experience in this type of litigation, *see* DeHaan Aff. ¶ 12 (summarizing qualifications) and the fact that counsel is seeking a contingency fee of less than five percent of the recovery. The application for $10,000 divided by the 11.8 hours worked comes to and hourly rate of $847.45. While some courts have characterized this type of rate as "high," such rates are appropriate in Social Security cases with contingency fee arrangements because of the uncertainty of recovery and the lack of resources available to typical clients in these types of cases. *See*, *e.g.*, *Morrison*, 2019 WL 6915954, at *3; *Ibbetson v. Saul*, 14-CV-7824, 2019 WL 3208432, at *3 (S.D.N.Y. Jun. 25, 2019) (approving $838.93 hourly rate), *adopted by* 2019 WL 3202998 (S.D.N.Y. Jul. 16, 2019); *Valle v. Colvin*, 13-CV-2876, 2019 WL 2118841, at *3 (S.D.N.Y. May

15, 2019) (approving $1,079.72 hourly rate); *Mills v. Berryhill*, 15-CV-5502, 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving $1,007.78 hourly rate); *Torres v. Colvin*, 11-CV-5309, 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) ("a substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00"). Accordingly, the Court concludes that the fee sought is reasonable and should be awarded.

Finally, Plaintiff's counsel recognizes his obligation to remit to Plaintiff the $368.61 he was awarded by Judge Spatt under the EAJA in the event his fee application is granted, *see* Memorandum of Law in Support of Plaintiff's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) at 2, DE [14-1], and the Court recommends that this payment be confirmed as part of its fee award.

For all of these reasons, the Court recommends that Potanin's fee application be granted in its entirety, with the caveat that the EAJA award be remitted to Plaintiff.

## IV.  CONCLUSION

For the reasons set forth herein, the Court recommends that Plaintiff's fee application for $10,000 in attorney's fees be granted in its entirety, and that Plaintiff's counsel be directed to remit the prior EAJA award of $368.61 to Plaintiff.

## V.  OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days of

receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:      Central Islip, New York
            November 30, 2020

                                    /s/ Steven I. Locke
                                    STEVEN I. LOCKE
                                    United States Magistrate Judge